IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY L. TODD, | : | CIVIL NO. 1:CV-05-1994 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| KENNETH D. KYLER, et al., | : | |
| Defendants | : | |

# **M E M O R A N D U M**

## I.  **Background**

Plaintiff Tracy L. Todd filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 3, 2005. At that time, Todd was an inmate confined at the State Correctional Institution at Rockview, Pennsylvania.[1] The incidents set forth in the complaint occurred while Plaintiff was confined at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), Pennsylvania. Named as Defendants are five (5) members of the staff at SCI-Huntingdon and Jeffrey A. Beard, Secretary of the Department of Corrections ("DOC"), and four (4) employees of a contracted health care provider. Plaintiff sets forth various Eighth Amendment claims including excessive force, deprivation of food, food tampering and inadequate medical care. He also alleges that he was denied access to the law library, harassed and subjected to discrimination. As relief he seeks monetary damages. Presently pending before the Court are the following motions filed by Plaintiff: motion for temporary restraining order (Doc. 13); motion to compel (Doc. 36); motion for protective order (Doc. 38); and two motions to join third parties (Docs. 50, 55). These motions will be addressed in this Memorandum. Also pending is a motion to dismiss less than all claims by Defendants Baney,

---

[1] Todd has since been released from prison and resides at the YMCA in Pittsburgh, Pennsylvania.

Kyler, Grace, Beard, Pellegrino and McCoy ("DOC Defendants") (Doc. 30), and a motion to dismiss filed by Defendants Auman, Mills, Arias and Beregovskaya ("Medical Defendants) (Doc. 31). These motions are also ripe and will be addressed in a separate Memorandum and Order.

## II.     **Allegations in Complaint**

Plaintiff was transferred to SCI-Huntingdon on September 30, 2003, and denied all meals. On October 4, 2003, he states that he was assaulted while in the Restricted Housing Unit ("RHU") when Defendant Pellegrino dragged him from his cell by a rope attached to his handcuffs, causing him to hit his head several times on the floor and a table.  Thereafter, Pellegrino is alleged to have hit Plaintiff on the face and other parts of his body with the rope.  Todd was then dragged back to his cell during which time he hit his head, was choked with the rope and kicked several times.  He was left in "a freezing cold cell" naked, and denied meals and medical attention.  Defendant McCoy is alleged to have been present at the cell and to have taken all bed coverings and Plaintiff's asthma inhalers.  McCoy also called Plaintiff a "nigger" and threatened to kill him.  Plaintiff asserts that McCoy and Pellegrino convinced other RHU staff members to deny him food, showers, recreation and library time, and also make him crawl back and forth over 900 feet on his hands and knees to retrieve legal property.  He claims that Defendants McCoy and Pellegrino had the RHU second shift spit on him and put glass and human waste in his food.  Plaintiff contends that because of the assault and due to becoming sick over 40 times from the tainted food trays, he bleeds rectally and also when he urinates.  According to Plaintiff, he sent over 300 DNA samples to the U.S. Department of Justice and claims that an investigation is currently taking place.

Plaintiff claims that the medical department at SCI-Huntingdon failed to provide him with treatment following the assault or after becoming sick from the tainted food, and refuses to provide

him with a wheelchair or walker to go to other places in the prison.  He further contends that his asthma medication has been withheld.  Plaintiff contends that Defendants are subjecting him to this treatment based upon the orders of two staff members of the State Correctional Institution at Greensburg, and also because Plaintiff reported the assault which occurred on October 4, 2003.

Plaintiff contends that Kenneth D. Kyler and James L. Grace are responsible for the cruel and unusual punishment he was subjected to because each of these individuals served as warden during the time period during which the above incidents occurred.  As warden, each Defendant is legally responsible for the RHU and medical department staff.  Plaintiff also claims that Felipe Arias, employed during the relevant time period as the medical director at SCI-Huntingdon, is responsible for his injuries because he failed to treat him following the assault or provide him with a walker, wheelchair or braces.  Plaintiff contends that as medical director, Arias is responsible for all of the actions of his physicians assistants and their failure to provide him with his asthma medication and their role in treating him following the assault and food tampering incidents.  Plaintiff further claims that Defendant Baney, Grievance Coordinator, violated his rights by blocking his access to the courts when she failed to process grievances he filed or failed to send back parts of his grievance which would allow him to appeal to the next level in the grievance system.

Physicians assistants Mills and Auman are alleged to have violated Plaintiff's rights because they were aware of Pellegrino's assault and failed to provide medical care.  According to Plaintiff, Mills discriminated against him on behalf of all the white RHU staff members by failing to provide a wheelchair or braces for his back, neck and knees, advising him to do sit ups and failing to treat his asthma.  Auman is alleged to have failed to take pictures and treat Plaintiff's injuries following the assault and take no action after he ingested glass.

Olga Beregovskaya, who was employed as a doctor at SCI-Huntingdon, is alleged to have refused to treat Plaintiff's emergency medical needs following the assault and the food tampering incidents. Plaintiff contends she also failed to do anything when he was made to crawl on his hands and knees from place to place within the prison, all because he was a black inmate. It is alleged that Jeffrey A. Beard, Secretary of the DOC, is legally responsible for all the Defendants actions because he is in charge of the overall operation of the state prisons within Pennsylvania.

### III.  **Motion for Temporary Restraining Order/Preliminary Injunction**

Plaintiff seeks injunctive relief directing several staff members at the State Correctional Institution at Rockview to stop torturing, raping, shocking and burning him through the use of some unnamed state-of-the-art technological "device." (Doc. 13.) According to Plaintiff, the device is subtle and barely visible to the eye resembling mist, fog and steam. The vapor is said to come over Plaintiff's body shocking, burning and raping him. He claims that this activity has been going on since he was transferred to SCI-Rockview from SCI-Huntingdon over 13 months ago.

In determining whether to grant a motion seeking preliminary injunctive relief, the court must evaluate four factors: (1) the likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the nonmoving party if relief is granted; and (4) the public interest. United States v. Bell, Civil No. 1:CV-01-2159, 2003 WL 102610, *2 (M.D. Pa. January 10, 2003)(J. Conner)(internal citations omitted). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982). It is the moving party that bears the burden of satisfying these factors. Bell, 2003 WL 102610 at *2.

For the following reasons, the motion for injunctive relief will be denied. It is well

4

established that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at 459, n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985)(citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional. Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); see also, Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981)("a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge."). Further, federal courts, having jurisdiction only to decide actual cases and controversies, are 'without the power to decide questions that cannot affect the rights of litigants in the case before them.'" See Ortho Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806, 810-11 (3d Cir. 1989) quoting DeFunis v. Odegaard, 416 U.S. 312, 316 (1974).

In the instant case, Plaintiff seeks injunctive relief against individuals who are not named Defendants in this action. Further, even if the allegations in the motion did involve parties to the instant lawsuit, Plaintiff is no longer subject to the conditions of which he complains. He is no longer confined at SCI-Rockview, but rather, has been released from prison. As such, his request for injunctive relief is moot upon this basis.[2]

---

[2] Even if the motion was not moot, reasons exist for denying the motion. The allegations as set forth by Plaintiff appear to be factually frivolous. Even if they were not, Plaintiff is unable to demonstrate irreparable harm in that he is not without remedy. He clearly has the ability to file an

### IV.    <u>Motions to Join Third Parties Pursuant to Fed. R. Civ. P. 14(a)</u>

Pending are two motions filed by Plaintiff to add "third parties" to this action. (Docs. 50, 55.) In support of his request, Plaintiff cites to Fed. R. Civ. P. 14(a). In reviewing the motions it is clear that the numerous third parties referred to in the motions, some identified and others unknown, are identified, are actually additional defendants Plaintiff seeks to name in this action. Most of the proposed third parties are officials and employees at the State Correctional Institution at Greensburg Prison, Plaintiff's former place of confinement.

To the extent Plaintiff seeks to join these third parties pursuant to Fed. R. Civ. P. 14(a), his motions are denied. Rule 14(a) speaks to when <u>Defendants</u> may bring in a third party. While Rule 14(b) addresses when a <u>Plaintiff</u> may bring in a third party, it clearly has no application to the instant matter. Pursuant to Rule 14(b), in order for a Plaintiff to bring in a third party, a counterclaim must be asserted against a plaintiff. No counterclaim has been asserted in this action against Plaintiff.

In construing Plaintiff's motions liberally in light of his <u>pro se</u> status, <u>see</u> <u>Haines v. Kerner</u>, 505 U.S. 519, 520-21 (1972), he actually appears to be asking the Court for leave to amend his complaint pursuant to Fed. R. Civ. P. 15 to add additional defendants. Even if the Court were to construe his motions as such, they must be denied. Plaintiff seeks to add defendants whom he claims are responsible for the violation of his constitutional rights while he was incarcerated at SCI-Greensburg. He was last confined at SCI-Greensburg on September 15, 2003. The instant complaint was not filed until October 3, 2005. Even assuming the defendants sought to be added had anything to do with the allegations as set forth in the complaint, they are barred by the applicable statute of limitations. An action brought under 42 U.S.C. § 1983 is considered a personal

---

action against the individuals at SCI-Rockview seeking damages.

injury action for the purposes of borrowing an appropriate statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). Pennsylvania's applicable personal injury statute of limitations is two years. See Fitzgerald v. Larson, 769 F.2d 160 (3d Cir. 1985). Accordingly, Plaintiff's motions are denied.

**V.   Motion to Compel**

Plaintiff has filed a motion to compel the Warden at SCI-Rockview to direct the agents in the mailroom there to stop blocking his access to the courts. (Doc. 36.) The motion was submitted on February 15, 2006. Specifically, Plaintiff argues that Business Manager Frank Dougherty and several other SCI-Rockview employees caused two (2) envelopes to be returned to him even though he did not use his ten (10) free envelopes for the month. Plaintiff claims that the envelopes contained information for his attorney related to the filing of his opposition to Defendants' motions to dismiss in this action. As such, Plaintiff alleges interference with his access to the courts.

Based on the following, the motion will be denied. First, Plaintiff is not only no longer confined at SCI-Rockview, but also has been released from prison since the filing of his motion to compel. Thus, for the reasons set forth above, any request for injunctive relief is now moot. Further, while it is well established that an inmate has a constitutional right of access to the courts, a plaintiff alleging denial of access to the courts must show "actual injury"-- such as dismissal of a suit or inability to file a complaint as a result of the purported unlawful acts to set forth a claim. See Lewis v. Casey, 518 U.S. 343, 349-56 (1996). In the instant case, the docket sheet reveals that Plaintiff's briefs in opposition to Defendants' motions to dismiss have been timely submitted and are presently before the Court for consideration in this case. (Docs. 49, 51, 52, 54.) As such, even though Plaintiff claims that his efforts to file opposition to the motions to dismiss was thwarted, he has suffered no injury. Finally, in opposing the instant motion to compel, Defendants admit that the

7

two envelopes referred to by Plaintiff were returned to him in error, but that the situation was remedied upon notice by Plaintiff. They also state that he has been provided with all the stationary supplies to which he is entitled. Plaintiff did not file a reply brief disputing Defendants' assertions. For these reasons, the motion to compel will be denied.

## VI.     Motion for Protective Order

Plaintiff has also filed a motion for protective order wherein he objects to documents subpoenaed by Defendants from SCI-Rockview. (Doc. 38. ) Specifically, the Medical Defendants in this action have subpoenaed the medical records, as well as copies of grievances filed by Plaintiff. Plaintiff objects to the production of the documents on the basis of privilege/confidentiality.[3] He also contends that releasing these documents to Defendants gives them "an advantage." (Doc. 46.)

While the Third Circuit Court of Appeals recognizes that inmates have a constitutional right to privacy in their medical records, this right is subject to limitations when properly justified. See Doe v. Delie, 257 F.3d 309, 317 (3d Cir. 2001). Plaintiff has sought compensatory and punitive damages in this case for his physical and mental health injuries arising out of Defendants' alleged assaults and food tampering, as well as their failure to properly treat him following these incidents. Plaintiff cannot pursue these claims against Defendants for personal injuries while simultaneously blocking their access to his treatment records. Plaintiff has placed his medical as well as mental

---

[3] It is not clear whether Plaintiff was ever requested to sign a medical release form. However, it is evident that he would have refused to do so.

health condition directly in issue in his civil action by claiming physical injury and emotional distress.  As such, Plaintiff has implicitly waived his privilege of confidentiality in these records. See Mullholland v. Dietz, 896 F. Supp. 179 (E.D. Pa. 1994); O'Boyle v. Jensen, 150 F.R.D. 519 (M.D. Pa. 1993); Premack v. J.C.J. Ogar, Inc., 148 F.R.D. 140 (E.D. Pa. 1993).

To the extent Plaintiff objects to the subpoena request to the prison for copies of grievances relating to the claims in the complaint, his motion must also be denied.  Pursuant to 42 U.S.C. § 1997e(a), no action shall be brought with respect to prison conditions under section 1983 or any other Federal law by a prisoner until such administrative remedies as are available are exhausted. To bar access to Plaintiff's grievance file in order to determine whether he has exhausted his claims would be prejudicial to the defense of this case.  Accordingly, the motion for protective order objecting to the documents requested in the subpoena is denied.

**VII.  Order**

**AND NOW, THEREFORE, THIS 5th   DAY OF JANUARY, 2007,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion for Temporary Restraining Order (Doc. 13) is **denied as moot**.
2. Plaintiff's Motions to Join Third Parties (Docs. 50, 55) are **denied**.
3. Plaintiff's Motion to Compel (Doc. 36) is **denied**.
4. Plaintiff's Motion for Protective Order (Doc. 38) is **denied**.

      S/ Yvette Kane
      YVETTE KANE
      Chief Judge
      United States District Judge