IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY L. TODD, | : | CIVIL NO. 1:CV-05-1994 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| KENNETH D. KYLER, et al., | : | |
| Defendants | : | |

**MEMORANDUM and ORDER**

**I.   Background**

Plaintiff Tracy L. Todd filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 3, 2005. At the time, Todd was an inmate confined at the State Correctional Institution at Rockview, Pennsylvania. Todd has since been released from prison. His last known address was in Pittsburgh, Pennsylvania, although it appears he may no longer reside there.[1] The incidents set forth in the complaint occurred while Plaintiff was confined at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), Pennsylvania. Named as Defendants are Jeffrey A. Beard, Secretary of the Department of Corrections ("DOC"), five (5) members of the staff at SCI-Huntingdon, and four (4) employees of a contracted health care provider. In the complaint, Plaintiff sets forth various Eighth Amendment claims including excessive force, deprivation of food and food tampering, and inadequate medical care. As relief he seeks monetary damages. Motions to dismiss filed by the parties have been addressed in this case. On January 5, 2007, a Memorandum and Order was issued wherein a motion to dismiss less than all claims filed by six (6) of the Defendants was granted.

---

[1] On March 16, 2007, in conjunction with another civil rights action Todd has pending before this Court, see Todd v. Grace, et al., Civ. No. 06-0169, mail sent to Todd at the Pittsburgh addressed was returned to the Court marked "Return to Sender - Attempted - Not Known -Unable to Forward" (Doc. 36).

Further, a motion to dismiss filed by the remaining four (4) Defendants was granted in part and denied in part.  (Doc. 64.)  At this juncture in the case, there are five (5) Defendants remaining.  Answers have been filed, and the parties are currently engaging in discovery.  For the reasons that follow, Plaintiff will be afforded fifteen (15) days within which to submit the full filing fee in this action.  His failure to do so will result in the dismissal of this action pursuant to the Three Strikes Rule, codified at 28 U.S.C. § 1915(g).

## II.     Allegations in Complaint

Plaintiff alleges that he was transferred to SCI-Huntingdon on September 30, 2003, and denied all meals.  On October 4, 2003, he was assaulted while in the Restricted Housing Unit ("RHU") when one of the Defendants dragged him from his cell and hit him with a rope.  He claims he was thereafter left in a "freezing cold cell" naked, and denied meals and medication for his injuries.  Another Defendant is alleged to have been present at the cell and to have taken his bed coverings, as well as his asthma inhalers.  Plaintiff also sets forth allegations that these Defendants called him names and convinced the RHU staff to spit on him and put glass and human waste in his food, causing him to become sick over forty (40) times.  Plaintiff further claims that the medical department at SCI-Huntingdon failed to provide him with treatment following the assault and after becoming sick from the tainted food.

## III.    Discussion

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted what is commonly referred to as the "three strikes" provision.  Codified at 28 U.S.C. § 1915(g), the "three strikes"rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may

not proceed in a civil action <u>in forma pauperis</u> "unless the prisoner is in imminent danger of serious physical injury." <u>See</u> 28 U.S.C. § 1915(g). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed under <u>in forma pauperis</u>, requiring the inmates to pay the full filing fee prior to commencing suit.

In this case, Plaintiff filed a motion to proceed <u>in forma pauperis</u> and an authorization form. Thereafter, the Clerk of Court issued an Administrative Order on November 1, 2005.[2] Service of the complaint was directed on November 8, 2005, and the matter has been proceeding ever since.  It was recently discovered by the Court that prior to instituting this action Plaintiff has, on at least five (5) occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. <u>See</u> <u>Todd v. Benning, et al.,</u> Civil No. 03-CV-0986 (W.D. Pa. Feb. 18, 2004); <u>Todd v. Benning, et al.</u>, Civil No. 03-CV-1060 (W.D. Pa. Feb. 9, 2004); <u>Todd v. Johnson, et al.,</u> Civil No. 04-CV-0247 (W.D. Pa. July 25, 2004); <u>Todd v. Benning, et al.</u>, No. 04-1603 (3d Cir. Oct. 7, 2004); <u>Todd v. Johnson, et al.</u>, No. 04-3534 (3d Cir. Jan. 25, 2005).  Plaintiff is thus barred by 28 U.S.C. § 1915(g) from proceeding <u>in forma pauperis</u> in this action.  While there does exist the "imminent danger" exception to § 1915(g)'s "three strikes" rule, it is clearly inapplicable in this case. The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed.  <u>See</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), <u>cert. denied</u>, 533 U.S. 953 (2001).  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real

---

[2] As of this date, it does not appear that any funds were ever deducted from Plaintiff's inmate account while confined toward the payment of the filing fee in this action.

and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  In the instant case, Plaintiff's allegations relate to incidents which occurred two (2) years prior to the time he filed this action. Further, the alleged violations occurred at SCI-Huntingdon and, at the time the complaint was filed, Plaintiff was then confined at the State Correctional Institution at Rockview.  It cannot be argued Plaintiff was under any such danger at the time the complaint was filed since he was then at a different prison and he waited almost two years following the incident to file this action.

Based upon the present posture of this case, the Court will not outright dismiss the complaint on the basis of the Three Strikes provision and close this case.  Because Plaintiff waited until late in the statute of limitations period to pursue his action, the Court will afford Plaintiff fifteen (15) days within which to submit the full filing fee.  If he fails to do so, the action will be dismissed pursuant to 28 U.S.C. § 1915(g).

**IV.    Order**

**AND NOW,** this 29th   day of March, 2007, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** the Administrative Order issued in this case (Doc. 14) is hereby vacated.  Within fifteen (15) days from the date of this Order, Plaintiff shall submit the full filing fee in this action.  The failure to do so will result in the dismissal of the complaint pursuant to the provisions of 28 U.S.C. § 1915(g).

s/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania