IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY L. TODD, | : | CIVIL NO. 1:CV-05-1994 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| KENNETH D. KYLER, et al., | : | |
| Defendants | : | |

## **MEMORANDUM and ORDER**

**I.  Background**

Plaintiff Tracy L. Todd filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 3, 2005.  At that time, Todd was an inmate confined at the State Correctional Institution at Rockview, Pennsylvania.  Todd was released from prison on July 1, 2006.  His last know address provided to the Court was in Warren, Ohio.  The incidents set forth in the complaint occurred while Plaintiff was confined at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), Pennsylvania.  Named as Defendants are Jeffrey A. Beard, Secretary of the Department of Corrections ("DOC"), five (5) members of the staff at SCI-Huntingdon, and four (4) employees of a contracted health care provider.  In the complaint, Plaintiff sets forth various Eighth Amendment claims including excessive force, deprivation of food and food tampering, and inadequate medical care.  As relief, he seeks monetary damages.  Motions to dismiss filed by the parties have been addressed in this case.  On January 5, 2007, a Memorandum and Order was issued wherein a motion to dismiss less than all claims filed by six (6) of the Defendants was granted.  Further, a motion to dismiss filed by the remaining four (4) Defendants was granted in part and denied in part.  (Doc. 64.)  At this juncture in the case, there are five (5) Defendants remaining.  Answers have been filed and the discovery period is now running.  On March 29, 2007, an Order was issued vacating the

Administrative Order previously issued in this case and affording Plaintiff twenty (20) days to submit the full filing fee in this matter. (Doc. 35.) He was warned that the failure to do so would result in the dismissal of his action pursuant to the Three Strikes Rule, codified at 28 U.S.C. § 1915(g).[1] The copy of the Memorandum and Order sent to Plaintiff was returned to the Court as undeliverable on April 10, 2007. (Doc. 36.) The envelope was marked "Return to Sender - Attempted - Not Known - Unable to Forward." On the same date, another copy was remailed to a different address.[2] On April 19, 2007, this copy was also returned to the Court marked "Return to Sender - Attempted- Not Known - Unable to Forward." (Doc. 69.) For the reasons that follow, this action will be dismissed without prejudice for failure to prosecute.

## II. Discussion

When Plaintiff had first initiated this lawsuit he was provided with a copy of this Court's Standing Practice Order which provides, in relevant part, as follows:

> A pro se plaintiff has the affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the

---

[1] Plaintiff had originally submitted a motion to proceed in forma pauperis in this matter and an authorization form. Thereafter, an Administrative Order was issued and service of the complaint directed. The matter was proceeding when the Court discovered that prior to instituting this action Plaintiff had, on at least five (5) occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The Court further found that based upon the allegations set forth in the complaint, there existed no basis for Plaintiff to argue that he was under imminent danger of serious physical injury at the time the complaint in this action was filed. As such, he was directed to submit the full filing fee in this action within twenty (20) days.

[2] This copy was forwarded to a Pittsburgh, Pennsylvania address which was provided to the court immediately following Plaintiff's release from prison. It was thereafter discovered that a different address - one located in Warren, Ohio, had later been supplied to the Court by Plaintiff. As such, the Three Strikes Order was then re-mailed to Plaintiff at this last known address on April 10, 2007 (Doc. 68).

>court of such change, in writing.  If the court is unable to communicate
>with the plaintiff because the plaintiff has failed to notify the court of
>his or her address the plaintiff will be deemed to have abandoned the
>lawsuit.

(Doc. 5.)

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate.  <u>See</u> Federal Rule of Civil Procedure 41(b); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629 (1962).  A review of the record reveals that Plaintiff was released from prison quite some time ago, and was residing at the Pittsburgh address.  At some point he changed residence to Warren, Ohio, but apparently is no longer there and has never advised this Court of his new address.  Consequently, he has clearly failed to comply with a requirement of the Court's Standing Practice Order.

Moreover, Plaintiff's failure has prevented the Court from contacting him with regard to proceedings in this action.  It would be a waste of judicial resources to allow this action to continue.  The Court is satisfied that based upon the present circumstances and the passage of time since Plaintiff's release from prison, the dismissal of this action without prejudice for failure to prosecute is warranted.

**III.    Order**

**NOW, THEREFORE, THIS 25th  DAY OF APRIL, 2007, IT IS HEREBY ORDERED THAT:**

>1. This action is dismissed without prejudice for failure to prosecute.
>
>2. The Clerk of Court is directed to close this case.
>
>3. Any motions pending in this matter are dismissed as moot.
>
>4. Any appeal from this Order will be deemed frivolous, without probable cause and

3

not taken in good faith.

                          s/ Yvette Kane
                          YVETTE KANE, Chief Judge
                          Middle District of Pennsylvania